IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAIMIE HILEMAN,                              )
                                             )
             Plaintiff,                      )
                                             )
vs.                                          )   Case No. 17-CV-165-SMY-DGW
                                             )
INTERNET WINES & SPIRITS CO.,                )
d/b/a/ RANDALL'S WINE & SPIRITS,             )
and GEORGE RANDALL,                          )
                                             )
             Defendants.                     )

# MEMORANDUM AND ORDER

Before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint (Doc. 11). Plaintiff filed a response (Doc. 12). For the following reasons, the motion is **DENIED.**

## Background

Plaintiff's Complaint sets forth the following allegations: Plaintiff Jaimie Hileman worked for Defendant Internet Wines & Spirits Co. ("IWS") from October 2011 to March 2015. In April 2013, Hileman told Defendant George Randall that she was transgender and planned to transition to female. Afterwards, IWS subjected Hileman to discrimination and retaliation. Hileman filed a Charge with the Equal Employment Opportunity Commission ("EEOC") in August 2013. In November 2013, Randall threatened Hileman, yelling that she "picked the wrong guy to fight" and that he would never stop and he never loses. Hileman filed another Charge in December 2013 naming IWS as a Respondent and describing Randall's conduct. In December 2014, Hileman filed suit against IWS and Randall in federal court (*see Hileman v. Internet Wine & Spirits Co., et al*, Case No. 14-cv-1400-JPG-DGW). Hileman settled her federal

suit against Defendants in March 2015. As a part of the settlement, Hileman resigned from her position with IWS.

In November 2015, Fox2 News aired a report about the local transgender community. Hileman was interviewed for the story and discussed some of the events leading to her termination and subsequent lawsuit. During the report, neither Hileman nor the reporter ever mentioned IWS by name. Following the news report, IWS demanded that Hileman request its removal from Fox2's website.

IWS subsequently filed suit against Hileman in state court, alleging breach of the settlement agreement, defamation per se and defamation per quod. Specifically, IWS alleged that Hileman had breached the Non-Disparagement Clause of the settlement agreement during the news report by stating that IWS had fired Hileman as a result of transgender discrimination. The state court dismissed the defamation per se and defamation per quod claims, partially dismissed the breach of contract claim, and sanctioned IWS for its failure to respond to discovery requests. Hileman alleges that IWS filed the state court action knowing that the claims were meritless. The state court action is still pending.

Hileman filed a Charge of Discrimination with the EEOC and Missouri Commission on Human Rights ("MCHR"), alleging that Defendants retaliated against her for opposing discrimination and filing her previous federal lawsuit. On January 11, 2017, and January 20, 2017, the EEOC and MCHR, respectively, issued notices of right to sue. On February 16, 2017, Hileman filed the instant action, asserting that Defendants retaliated against her by filing the state court action.

Defendants move to dismiss Hileman's Complaint, contending that she did not sufficiently plead a *prima facie* cases for retaliation under Title VII or the Missouri Human Rights Act.

**Discussion**

Under federal pleading standards, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly,* 550 U.S. 544, 570 (2007)). "Specific facts are unnecessary, but the complaint must give the defendant fair notice of what the claim is and the grounds upon which it rests." *Huri v. Office of the Chief Judge of the Circuit Court of Cook Cty.*, 804 F.3d 826, 832 (7th Cir. 2015). In reviewing a complaint, the Court must accept all factual allegations as true, and must draw all reasonable inferences in Hileman's favor. *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).

Title VII's anti-retaliation provision forbids an employer from discriminating against an employee because the employee opposed any practice made unlawful by Title VII or made a charge, testified, assisted, or participated in a Title VII proceeding or investigation. 42 U.S.C. § 2000e-3(a). The scope of the anti-retaliation provision extends beyond workplace-related or employment-related retaliatory acts and harm. *Burlington Northern & Santa Fe Ry. v. White*, 548 U.S. 53, 57, (2006). Former employees are protected under the anti-retaliation provision. *Robinson v. Shell Oil Co.*, 519 U.S. 337 (1997).

The pleading standard for Title VII cases differs from the evidentiary burden a plaintiff must subsequently meet at the summary judgment stage – it is "undemanding". *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1028 (7th Cir. 2013), *Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015). To state a claim for Title VII retaliation, a plaintiff need only plead that she

engaged in a statutorily protected activity and was subjected to materially adverse actions as a result of that activity. *Burlington Northern*, 548 U.S. at 57.

The MHRA is even broader than Title VII. It makes it unlawful to retaliate or discriminate in any manner against any other person because such person has opposed any practice prohibited by the MHRA. § 213.070, RSMo. The Act's reach is not limited to the employer-employee relationship. *Keeney v. Hereford Concrete Prod., Inc.*, 911 S.W.2d 622, 625 (Mo. 1995).

Here, Hileman's retaliation claims as pled meet the low threshold to survive a motion to dismiss. She alleges that Randall told her she "picked the wrong guy to fight" and that he would never stop and he never loses. Hileman further alleges that after she filed Charges of Discrimination and her previous federal lawsuit, Defendants discriminated against her by knowingly initiating a meritless state court action. Hileman's Complaint sets forth specific allegations and facts as to how the state court action is meritless and why Hileman believes the sole purpose of that lawsuit was to retaliate against her for engaging in statutorily protected activity – the filing of the initial Charges and the federal lawsuit. The Complaint also asserts that Defendants subjected Hileman to a materially adverse action – the state court action. At the pleading stage, nothing more is required. Contrary to Defendants' arguments, Hileman does not have to *establish* each element of a *prima facie* case in order to state a claim and survive dismissal at this juncture. Accordingly, Defendants' motion is denied.

**IT IS SO ORDERED.**

**DATED:  May 30, 2017**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**